IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MIGUEL PONCE-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> D. GREENWALT, <br><br> Respondent. | CIVIL ACTION NO.: 5:20-cv-136 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Miguel Ponce-Gonzalez's ("Ponce-Gonzalez") failure to comply with the Court's October 29, 2020, April 2, 2021, and April 14, 2021 Orders and this Court's Local Rules and Respondent's Motions to Dismiss. Docs. 2, 4, 12, 13, 15; Local R. 11.1. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Ponce-Gonzalez's 28 U.S.C. § 2241 Petition for failure to follow this Court's Orders and Local Rules and **DENY as moot** Respondent's first Motion to Dismiss but **GRANT as unopposed** Respondent's second Motion to Dismiss. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Ponce-Gonzalez leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would

## BACKGROUND

Ponce-Gonzalez filed this 28 U.S.C. § 2241 action while he was housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia. Doc. 1. After he paid the requisite filing fee, the Court directed service of Ponce-Gonzalez's Petition on October 29, 2020. Doc. 2. By this same Order, the Court advised Ponce-Gonzalez to notify the Court of any change in address in writing and warned him his failure to do so would result in the dismissal of his cause of action. Id. at 2. In addition, the Court's Local Rules require pro se parties to notify the Court of any change in address. Local R. 11.1. Respondent filed his first Motion to Dismiss on November 30, 2020, and Ponce-Gonzalez filed a Response. Docs. 4, 6. Ponce-Gonzalez later informed the Court of a change in address to the Stewart Detention Center. Doc. 9. Based on the filings in this case, the Court ordered the parties to update the Court on Ponce-Gonzalez's status, and the mailing to Ponce-Gonzalez was returned as undeliverable. Docs. 12, 14. Respondent filed his second Motion to Dismiss on April 7, 2021, stating Ponce-Gonzalez's Petition is moot because he has been released from detention. Doc. 13. The Court ordered Ponce-Gonzalez to respond to the Motion to Dismiss within 14 days of its April 14, 2021 Order, doc. 15. The Court advised Ponce-Gonzalez if he failed to respond, the Court might dismiss his cause of action based on his failure to follow a Court Order. Id. That Order was returned to the Court as undeliverable, with the notations: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Doc. 16 at 3. Ponce-Gonzalez did not respond to the Court's

---

be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Ponce-Gonzalez his suit is due to be dismissed. As indicated below, Ponce-Gonzalez will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Order or Respondent's second Motion to Dismiss and has not complied with this Court's Local Rules and Orders.

## DISCUSSION

The Court must now determine how to address Ponce-Gonzalez's failure to comply with this Court's Orders and Local Rules. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Ponce-Gonzalez's Petition and **DENY** Ponce-Gonzalez leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Follow This Court's Orders and Local Rules**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any

---

[2]    Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions. Additionally, pursuant to Rule 12 of the § 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the § 2254 Rules.

[3]    In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Ponce-Gonzalez his failure to comply with this Court's Orders would result in dismissal of this action. Docs. 2, 12, 15. While Ponce-Gonzalez did notify the Court of one change in his address, doc. 9, he failed to do so a second time.

action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow

4

court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Ponce-Gonzalez having failed to respond to the Motion to Dismiss, update his address, as required,[4] respond to this Court's Order, or comply with this Court's Local Rules and Orders, the Court cannot proceed in this case. Ponce-Gonzalez was given notice of the consequences of his failure to follow the Court's Orders, and Ponce-Gonzalez has not done so. Thus, the Court should **DISMISS without prejudice** Ponce-Gonzalez's § 2241 Petition, doc. 1, for failure to follow this Court's Orders and Local Rules, **DENY as moot** Respondent's first Motion to Dismiss but **GRANT as unopposed** Respondent's Motion to Dismiss, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Ponce-Gonzalez leave to appeal *in forma pauperis*. Though Ponce-Gonzalez has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual

---

[4]     Ponce-Gonzalez has been released under an order of release on supervision. Doc. 13-1 (ICE order of supervision, dated Mar. 30, 2021). However, Ponce-Gonzalez has not notified the Court of any change in his address, as required.

5

allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Ponce-Gonzalez's failure to follow this Court's Orders, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Ponce-Gonzalez *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Ponce-Gonzalez's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's Orders and Local Rules and **DENY as moot** Respondent's first Motion to Dismiss but **GRANT as unopposed** Respondent's second Motion to Dismiss.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Ponce-Gonzalez leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of May, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA